UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY J. VITALE, DMD and
PERSONAL CHOICE DENTAL
ASSOCIATES, PA,

        Plaintiffs,

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

        Defendant.

Civil Action No. 18-8988 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court on Plaintiffs Anthony J. Vitale and Personal Choice Dental Associates, PA's (collectively, "Plaintiffs") Motion to Remand to New Jersey Superior Court, Law Division, Monmouth County. (Pls. Mot. to Remand 2, ECF No. 6.) Defendant State Farm Fire and Casualty Company opposed (Def.'s Opp'n Br., ECF No. 7), and Plaintiffs did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, Plaintiffs' Motion to Remand is denied.

**I.    Background**

This matter arises from insurance policies Defendant issued to Plaintiffs—a dentist and a dental office.[1] (Compl. ¶¶ 4-5, ECF No. 1-1.) Both policies had an effective period of August 7,

---

[1] For purposes of the instant motion, the Court "assume[s] as true all factual allegations of the complaint." *Glazer v. Honeywell Int'l. Inc.*, No. 16-7714, 2017 WL 1943953, at *3 (D.N.J. May 10, 2017) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

2015 through August 7, 2016 and included coverage for business interruption losses. (*Id.* ¶¶ 5, 9.) On April 2, 2016, Plaintiffs suffered a "catastrophic flood" that interrupted Plaintiffs' business operations. (*Id.* ¶¶ 10-11.) On April 25, 2016, Defendant began making indemnity payments to plaintiff. (*Id.* ¶ 12.) Around October 31, 2016, Defendant discontinued indemnity payments, stating, "[I]t was agreed that mold formed in the office due to an unrelated prior leak from the dental vacuum equipment which was later spread by ServPro during the mitigation efforts following the water heater leak . . . ." (*Id.* ¶¶ 13-14.) Plaintiffs allege that Defendant came to this conclusion without adequately investigating Plaintiffs' claim. (*Id.* ¶¶ 15-16.)

On April 30, 2018, Plaintiffs filed a three-count Complaint with the Superior Court of New Jersey, Law Division, Monmouth County, which includes the following claims: (1) breach of contract; (2) bad faith; and (3) a declaratory judgment stating Defendant must indemnify Plaintiffs for losses related to "the catastrophic flood." (*Id.* ¶¶ 17-31.)

On May 9, 2018, Defendant removed the matter to the Court under diversity jurisdiction (Notice of Removal, ECF No. 1), and on June 8, 2018, Plaintiffs filed the instant Motion to Remand (ECF No. 6). Defendant opposed (ECF No. 7), and Plaintiffs did not reply.

## II. <u>Legal Standard</u>

Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the case to federal court if the federal court would have had original jurisdiction to hear the case. *See* 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Diversity jurisdiction exists "over all civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states." *Hayden Asset VI, LLC v. Silvio Desouza, LLC*, No. 13-3915, 2014 WL 1056498, at *2 (D.N.J. Feb. 24, 2014) (citing 28 U.S.C. § 1332(a)(1)). "An action can be removed on the basis of diversity jurisdiction only 'if there is a complete diversity between all named plaintiffs and defendants, and no defendant is a citizen of the forum State.'" *Id.* (quoting

2

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005)).

"In determining whether diversity exists, the Court's inquiry must focus on facts that existed at the time the complaint was filed." *Route 27, LLC v. Getty Petroleum Mktg., Inc.*, No. 10-3080, 2011 WL 1256618, at *4 (D.N.J. Mar. 30, 2011) (citing *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009)). The removing party bears the burden of demonstrating that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Accordingly, when presented with an argument for remand, "the burden of establishing removal jurisdiction rests with the defendant." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995) (citation omitted). Removal statutes are strictly construed, and remand is favored when doubt exists as to the propriety of removal. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985); *Steel Valley Auth.*, 809 F.2d at 1010.

### III. Discussion

Plaintiffs concede that the Court has diversity jurisdiction over the instant action, but argue that the Court has discretion to remand the matter pursuant to the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201. (Pls.' Moving Br. 1.) In support, Plaintiffs cite *Reifer v. Westport Insurance Corp.*, 751 F.3d 129 (3d Cir. 2014), which provides courts with eight factors to consider in determining whether to exercise jurisdiction over declaratory judgment actions. (*Id.* at 2-5.)

Defendant opposes, arguing that Plaintiff cites inapposite case law, and fails to consider the Third Circuit's recent ruling in *Rarick v. Federated Service Insurance Co.*, 852 F.3d 223, 229 (3d Cir. 2017). Specifically, Defendant asserts "the Third Circuit held that district courts do not have discretion under the DJA to decline jurisdiction where, as here, the Complaint contains independent claims for legal and declaratory relief." (Def.'s Opp'n Br. 1 (emphasis omitted).) The Court agrees with Defendant.

3

Typically, a district court may, in its discretion, decline jurisdiction over declaratory judgment actions. *See Wilton v. Seven Falls Co.*, 515 U.S. 227, 282 (1995) ("[D]istrict courts possess discretion in determining whether and when to entertain an action under the [DJA], even when the suit otherwise satisfies subject matter jurisdictional prerequisites"); *see also Interdynamics, Inc. v. Firma Wolf*, 698 F.2d 157, 167 (3d Cir. 1982). The Court's analysis, however, changes when the Complaint seeks both legal and declaratory relief. *See Rarick*, 852 F.3d at 227 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

"When a complaint contains claims for both legal and declaratory relief, a district court must determine whether the legal claims are independent of the declaratory claims." *Id.* at 230. "If the legal claims are dependent on the declaratory claims, the court may decline jurisdiction over the entire action . . . . But if they are independent, the court must adjudicate the legal claims unless there are exceptional circumstances as described in *Colorado River*." *Id.* at 228 (citation omitted). "Non-declaratory claims are 'independent' of a declaratory claim when they are alone sufficient to invoke the court's subject matter jurisdiction and can be adjudicated without the requested declaratory relief." *Id.* at 228 (quoting *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001)). Courts refer to this inquiry as the independent claim test. *See id.* at 228; *see also R.R. St. & Co. v. Vulcan Materials, Co.*, 569 F.3d 711, 716-17 (7th Cir. 2009); *R&D Latex Corp*, 242 F.3d at 1113.

A. **Independent Claim Test**

Under *Rarick*, the Court must first determine whether Plaintiffs' declaratory claim is independent from their legal claims. 852 F.3d at 230. Claims are independent when they "would continue to exist if the request for a declaration simply dropped from the case." *Vulcan Materials, Co.*, 569 F.3d at 715 (citation omitted). The Seventh Circuit considered the issue under a similar

4

set of circumstances in *Vulcan Materials*, where the plaintiffs asserted claims for, among other things, breach of contract due to the defendant's refusal to indemnify one of the plaintiffs under a general liability policy. *Id.* at 713-14. The defendant then filed a cross-complaint against the plaintiffs seeking the court's declaration that it did not owe a duty to indemnify the plaintiff. *Id.* at 714. The Seventh Circuit held that the district court erred in dismissing the action because "the district court would still have diversity jurisdiction over the plaintiffs' breach of contract [claim]" and other claims that sought "relief in the form of money damages . . . ." *Id.* at 717. Thus, the court provided, "the non-declaratory claims are independent of the declaratory claim because they could stand alone in federal court—both jurisdictionally and substantively—irrespective of the declaratory claim." *Id.*

Here, the Court has subject matter jurisdiction over Plaintiffs' legal claims because the parties are diverse and the amount in controversy exceeds $75,000. (Not. of Removal, ¶¶ 5-8.) 18 U.S.C. § 1331. Moreover, adjudication of those claims is independent from Plaintiffs' request for declaratory relief because the Court could adjudicate Plaintiffs' breach of contract and bad faith claims separately from their declaratory judgment request. *See, e.g., Schodle v. State Farm Mut. Auto. Ins.*, No. 17-407, 2017 WL 1177133, at *2 (E.D. Pa. Mar. 30, 2017) ("The breach of contract claim is the essence of this lawsuit. The insured surely wants monetary relief, not simply a declaration of his rights."). Thus, even though Plaintiffs' breach of contract and bad faith claims are related to the underlying request for declaratory judgment, Plaintiffs' legal claims "are substantively independent because they can be adjudicated without adjudicating the requested declaratory relief." *Cont'l Cas. Co. v. Westfield Ins. Co.*, No. 16-5299, 2017 WL 1477136, at *5 (E.D. Pa Apr. 24, 2017) ("Claims can be substantively independent even though they are based on the same underlying legal obligation."). The Court, accordingly, finds Plaintiffs' legal claims independent from their request for declaratory relief.

5

B. *Colorado River* **Factors**

Because the Court finds Plaintiffs' declaratory claim independent from their legal claims, the Court must next determine whether an exceptional circumstance exists such that the Court should abstain from exercising jurisdiction over Plaintiffs' claims. Under *Colorado River*, abstention is appropriate when the complaint: (1) contains "a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law"; (2) "where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar"; and (3) "where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings, . . . state nuisance proceedings antecedent to a criminal prosecution . . . or collection of state taxes . . . ." *Colo. River*, 424 U.S. at 814-16 (citations omitted).

No *Colorado River* exceptions exist under the instant facts. This matter does not present a federal constitutional issue or a difficult state law question bearing upon public policy. Further, it does not involve issues pertaining to tax, criminal or negligence actions. The Court, accordingly, denies Plaintiffs' Motion to Remand.

IV. **Conclusion**

For the reasons discussed above, the Court denies Plaintiffs' Motion to Remand. The Court will enter an Order consistent with this Memorandum Opinion.

*[signature]*
_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**